IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Sean Kirby Rosser,<br>    Plaintiff,<br><br>v.<br><br>A. Jenkins, et al.,<br>    Defendants. | )<br>)<br>)<br>)   1:19cv689 (TSE/MSN)<br>)<br>)<br>) |

MEMORANDUM OPINION

Sean K. Rosser, a Virginia inmate, filed a civil-rights action under 42 U.S.C. § 1983 against four officers at Sussex I State Prison, claiming violations of his constitutional rights. Defendants have moved for summary judgment and have provided Rosser, a pro se litigant, with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Dkt. Nos. 27, 29]. Plaintiff opposes defendants' motion. [Dkt. Nos. 34–35]. Defendants' motion must be granted because plaintiff failed to exhaust administrative remedies on the following three claims: (1) that Lieutenant Spruell and Officer Jenkins acted with deliberate indifference to plaintiff's serious medical need, in violation of the Eighth Amendment, by fabricating a disciplinary charge to prevent plaintiff from receiving necessary surgery; (2) that Officer Lee acted with deliberate indifference to plaintiff's serious medical need by knowing the charge was false and failing to ensure plaintiff received the surgery; and (3) that Warden Israel Hamilton retaliated against plaintiff for filing grievances related to the missed surgery, in violation of the First Amendment, by ensuring that plaintiff would not be taken to a medical appointment. Defendants' motion for summary judgment does not address plaintiff's fourth and final claim—that Warden Hamilton acted with deliberate indifference to his serious medical need—and, thus, defendants must file a supplemental motion for summary judgment addressing that claim.

## I. Background

Plaintiff's § 1983 complaint stems from a cancelled surgery on April 18, 2019, scheduled to treat facial fractures resulting from blunt force trauma. [Dkt. No. 15]. The following facts, with disputes noted, relate to how plaintiff pursued his administrative remedies at Sussex I State Prison, and are viewed in the light most favorable to plaintiff, the nonmoving party. See Evans v. Int'l Paper Co., 936 F.3d 183, 191 (4th Cir. 2019).

On April 18, 2019—the date of the cancelled surgery—plaintiff filed an informal grievance asserting that Officer Jenkins and Lieutenant Spruell wrongly cancelled his medical procedure. [Witt Aff. ¶ 11 & Enclosure B]. Lieutenant Spruell responded around April 29, 2019, explaining why his surgery had been cancelled: "Due to your behavior on [April 18, 2019], it was in the best interest for the safety and security of the public to return you back to the facility." [Witt Aff. ¶ 12 & Encl. B]. Plaintiff later submitted a regular grievance, which he hand-dated May 1, 2019 (after crossing out some other date that month), but its receipt was date-stamped May 20, 2019. [Witt Aff. ¶ 13 & Enclosure B]. E. Witt, the person charged with maintaining grievance files at Sussex I State Prison, avers that "[i]t is the practice of the Grievance Office to process Regular Grievances on the same day that they are received." [Witt Aff. ¶ 13]; see also Virginia Department of Corrections (VDOC) Operating Procedure (OP) § 866.1(VI)(B)(1) ("Incoming grievances are to be dated/date stamped on the working day received.").[1] The regular grievance was rejected as untimely because it was not filed within thirty calendar days of the April 18, 2019 incident. [Witt. Enclosure B].

---

[1] Defendants provided VDOC OP § 866.1 as Enclosure A to Witt's Affidavit.

Plaintiff declares, however, that he also submitted a regular grievance to Sergeant Phillips on April 30, 2019, which he followed up the next day with an emergency grievance seeking to ensure that the grievance was submitted. [Pl. Aff. at p. 2; Dkt. No. 1, Ex. C].

As for the remaining claims, Witt attests that a review of plaintiff's grievance file shows that he did not submit regular grievances related to plaintiff's allegations that (a) Lieutenant Spruell and Officer Jenkins fabricated a disciplinary charge; (b) Officer Lee wrongly abided by the officers' decision to cancel the surgery; and (c) Warden Hamilton denied a medical visit in retaliation for filing grievances. [Witt Aff. ¶ 18].

## II. Exhaustion & Applicable Grievance Procedures

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before initiating a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017). This requirement mandates "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 84 (2006). In other words, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. at 88; see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

For offenders within the VDOC, a grievance is properly exhausted "only when a Regular Grievance has been carried though the highest eligible level of appeal without satisfactory resolution of the issue." VDOC OP § 866.1(IV)(O)(2). The regular grievance must be submitted within thirty calendar days from the date of the incident being grieved. Id. § 866.1(VI)(A)(1). Offenders are supposed to submit grievances through the facility's mail system, and the submission should reflect the date received. Id. § 866.1(VI)(A)(2)(b), (B)(1). To contest intake decisions, offenders must appeal to the applicable regional ombudsman within five calendar days

of receiving the intake decision. Id. § 866.1(VI)(B)(5). The address for the regional ombudsman is to be posted on housing unit bulletin boards. Id.

### III. Standard of Review

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." Hupp v. Cook, 931 F.3d 307, 317 (4th Cir. 2019) (internal quotation marks and citations omitted).

### IV. Analysis

Defendants first argue that summary judgment is warranted on plaintiff's claim for deliberate indifference against Officer Jenkins and Lieutenant Spruell because plaintiff failed to exhaust his administrative remedies. In particular, they contend that the regular grievance date-stamped May 20, 2019 was untimely and never appealed, and therefore plaintiff failed to comply with the applicable procedural rules.[2] Defendants are correct.

---

[2] Defendants also contend that no grievance filed by plaintiff mentions a fabricated disciplinary charge. [Witt Aff. ¶ 18]. In the regular grievance, plaintiff wrote:

> On 4-18-19 at MCV, I was scheduled to have an urgent surgical procedure. On account of an alleged scandalous matter induced by bad faith, malice, and indirect evidence . . . Officer A. Jenkins made a jactitation saying I approached her in a threatening manner while I was fully restrained. In return she conspired with other officers and L.T. Spruell that resulted in the termination of my surgery.

[Witt Aff. Enclosure B]. Plaintiff's narration was "sufficient to 'alert[ ] the prison to the nature of the wrong for which redress is sought,'" which is all the PLRA requires. See Wilcox, 877 F.3d at 167 n.4 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). Nevertheless, this portion of the claim fails for the same reasons as the remainder of the claim, as explained below. Furthermore, even assuming that the alleged fabrication may not be construed as part of the May 20 grievance, the claim would be unexhausted for the same reasons as the remaining claims, which are discussed in the following section.

4

Plaintiff does not dispute that the regular grievance date stamped May 20, 2019 was untimely because it was received beyond thirty calendar days from the cancelled surgery. See VDOC OP § 866.1(VI)(A)(1). Instead, he declares that previously, on April 30, 2019, he had handed a regular grievance to Sergeant Phillips "to be turned into the grievance office." [Pl. Aff. at p. 2]. He further asserts that his grievance was purposely held without processing so that it would "go moot." [Id. at p. 9]. And though the dates do not match, in an emergency grievance plaintiff filed on April 28, 2019, Rosser explained that he had submitted a regular grievance to the night shift officer on April 26. [Dkt. No. 1, Ex. C].

It is unclear whether plaintiff is contending that he submitted a separate regular grievance in April that was ignored entirely or that the grievance he submitted in April is the same one date-stamped as received on May 20. Either way, though, plaintiff failed to exhaust his administrative remedies. First, accepting as true that plaintiff submitted a separate, regular grievance in April, and assuming that handing a grievance to an officer complies with the requirement to submit grievances through the facility mail system, see VDOC OP § 866.1(VI)(A)(2)(b), this regular grievance still would not have been properly exhausted because it was not appealed. If plaintiff never received a response, he was entitled to appeal after the time limit for the institutional response expired. VDOC OP § 866.1(VI)(D)(3), (5). There is no evidence suggesting that plaintiff filed an appeal.

Second, if plaintiff submitted the regular grievance in April, but it was date-stamped May 20 and deemed untimely, plaintiff also could have appealed the intake decision to the regional ombudsman. VDOC OP § 866.1(VI)(B)(5). Plaintiff avers that he did not appeal because he did not know the address for the regional ombudsman and was unaware that the address was posted on the bulletin board of the housing unit. [Pl. Aff. at p. 10]. He further declares that he could not

ask for the address because he "fear[ed] . . the officers, supervisors, and grievance coordinators" becoming aware of his attempt to exhaust administrative remedies and taking actions to interfere. [Id. at p. 10–11]. But exhaustion is excused only when the remedies to do so are unavailable. See Ross v. Blake, 136 S. Ct. 1850, 1858 (2016). And grievance procedures are available if they "are capable of use to obtain some relief for the action complained of." Id. at 1859 (internal quotation marks and citation omitted).

> The Supreme Court recently provided three scenarios where administrative remedies 'on the books' are considered 'unavailable': (1) where the procedure 'operates as a simple dead end' because officials are 'unable or consistently unwilling to provide any relief to aggrieved inmates[;]' (2) where the grievance process itself is so incomprehensible that 'no ordinary prisoner can discern or navigate it[;]' and (3) where administrators prevent inmates from availing themselves of remedies by way of 'machination, misrepresentation, or intimidation.'

Germain v. Shearin, 653 F. App'x 231, 232–33 (4th Cir. 2016) (quoting Ross, 136 S. Ct. at 1858–60). None of those situations are alleged here. The closest is plaintiff's allegation that he "fear[ed]" that prison personnel would find out that he was trying to exhaust administrative remedies. But he does not attest that anyone actually engaged in any intimidating conduct to prevent plaintiff from appealing the intake rejection.

Defendants next argue that summary judgment is warranted on the Eighth Amendment claim against Officer Lee and the First Amendment claim against Warden Hamilton because the undisputed evidence demonstrates that plaintiff submitted no grievances related to those claims, and, thus, he failed to exhaust administrative remedies for those claims as well.

The undisputed evidence indeed demonstrates that plaintiff did not exhaust his administrative remedies for those two claims. Witt's affidavit reveals that plaintiff did not submit any regular grievances that (1) mentioned Officer Lee when complaining about the cancelled surgery; or (2) blamed Warden Hamilton for a missed medical appointment in retaliation for

filing grievances. [Witt Aff. ¶ 18]. Plaintiff does not dispute this evidence. Instead, for Officer Lee, plaintiff declares that his grievance about the cancelled surgery referred to officers, plural, and that he did not know Officer Lee's name at the time he submitted the grievance. [Pl. Mem. Opposing Summary J. at 3]. But even if Officer Lee had been included in the grievances related to the cancelled surgery, the claim would be unexhausted for the same reasons identified above for the claims against Lieutenant Spruell and Officer Jenkins. The undisputed evidence therefore establishes that plaintiff did not exhaust his Eighth Amendment claim against Officer Lee or his First Amendment claim against Warden Hamilton.

## V. Eighth Amendment Claim against Warden Hamilton

In the Order directing service on the defendants, four claims were identified as cognizable: (1) a deliberate indifference claim against Lieutenant Spruell and Officer Jenkins; (2) a deliberate indifference claim against Officer Lee; (3) a deliberate indifference claim against Warden Hamilton; and (4) a First Amendment retaliation claim against Warden Hamilton. [Dkt. No. 19]. Defendants' motion for summary judgment omits the Eighth Amendment claim against Warden Hamilton. Even though Witt's affidavit avers that plaintiff did not file a grievance "that Warden Hamilton denied him a medical visit in May 2019 *in retaliation for filing grievances*" [Witt Aff. ¶ 18 (emphasis added)], that does not foreclose the possibility that plaintiff filed a grievance that Hamilton intentionally denied him a medical visit in violation of the Eighth Amendment. In light of the obligation to draw inferences in the light most favorable to the nonmoving party, see Baehr v. Creig Northrop Team, P.C., 953 F.3d 244, 251–52 (4th Cir. 2020), there is no basis to award summary judgment to defendants on plaintiff's Eighth Amendment claim against Hamilton, and defendants should file a supplemental motion for summary judgment addressing that remaining claim.

## V. Conclusion

For the reasons outlined above, defendants' motion for summary judgment [Dkt. No. 27] with respect to the three claims addressed in the supporting memorandum will be granted through an Order that will issue alongside this Memorandum Opinion. Because defendants did not address plaintiff's fourth claim alleging that Warden Hamilton acted with deliberate indifference to his serious medical need, defendants must file a supplemental motion for summary judgment addressing that claim.

Entered this 17th day of April 2020.
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

8